IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELISSA A. BROWN,

    Plaintiff

vs.

CALHOUN-LIBERTY HOSPITAL
ASSOCIATION, INC.

    Defendant.

Case Number 5:09CV00403-RS-MD

_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, CALHOUN-LIBERTY HOSPITAL ASSOCIATION, INC., by and through the undersigned counsel, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, files this Memorandum of Law in Support of its Motion for Summary Judgment and, in support thereof, states:

### INTRODUCTION

Plaintiff, Melissa A. Brown (hereinafter "Brown"), filed a one count Complaint in Florida state court seeking relief under Title VII of the Federal Civil Rights Act, 42 U.S.C. §2000e et seq.; 42 U.S.C. §1981a; and, the Florida Civil Rights Act, Chapter 760, *Florida Statutes*. The Complaint was removed by Defendant, Calhoun-Liberty Hospital Association, Inc. (hereinafter "Calhoun-Liberty"), to the United States District Court for the Northern District of Florida. (Doc. 1). Brown's Complaint alleges she was the victim of gender discrimination because she was not hired as a paramedic by Calhoun-Liberty despite being more qualified than males who were hired.

42 U.S.C. §1981a is not applicable to gender discrimination claims. *See e.g. Moore v. Allstate Ins. Co.*, 928 F. Supp. 744, 752 (N.D. Ill. 1996) and *McCoy v. Johnson Controls World Services, Inc.*, 878 F. Supp. 229, 232-33 (S.D. Ga. 1995). Further, because the Florida Commission on Human Relations issued a No Cause determination that was not appealed by Brown, Brown is precluded from bringing a cause of action under the Florida Civil Rights Act pursuant to Section 760.11, *Florida Statutes*. Brown consented to the dismissal of her claim brought under the Florida Civil Rights Act (Doc. 3) and this Court dismissed the Chapter 760 claim (Doc. 11). Thus, Brown's only viable cause is brought pursuant to Title VII of the Federal Civil Rights Act, 42 U.S.C. §2000e et seq.

It is Calhoun-Liberty's position that Brown's Complaint is untimely. However, should this Court determine the Complaint was timely filed, Plaintiff cannot establish a prima facie case of gender discrimination. Calhoun-Liberty Hospital did not hire Plaintiff for legitimate, non-discriminatory reasons. Calhoun-Liberty's hiring decisions were based on Brown's behavior during her interview and her failure to submit an application for employment. Brown has no evidence that Calhoun-Liberty's articulated legitimate, non-discriminatory reasons are a pretext to discriminate against Brown on the basis of her gender.

Even when the facts are viewed in the light most favorable to Brown, she has no direct, or indirect evidence, that she was discriminated against on the basis of her gender. For the reasons set forth herein, the undisputed facts in this case do not support Plaintiff's

TLH1\COMMLIT\114674.1
26928/0115 GB gb 9/20/2006 10:17 PM

cause of action. Plaintiff is not entitled to any of the relief requested from Defendant and Defendant is entitled to a Summary Judgment in its favor as a matter of law.

## FACTUAL BACKGROUND

A complete Statement of Undisputed Facts, with citations, has been filed simultaneously with the Motion for Summary Judgment. This summary of the factual background is provided for the Court's convenience as the Court reviews the allegations of the Complaint and the arguments addressed in this Memorandum of Law.

Calhoun-Liberty is a Not-For-Profit corporation that operates a small community hospital. The hospital is located in Blountstown, Florida and provides health care services to residents of Calhoun, Liberty and Jackson counties Florida. Calhoun-Liberty employs approximately 124 persons, 80 of whom are female.

From 1998 to 2008, emergency paramedic/ambulance services for residents of Calhoun County, Florida were provided by Emergy Stat, an Alabama based for-profit corporation. Emergy Stat ceased operations without warning on January 24, 2008, leaving Calhoun County residents without emergency paramedic/ambulance services. The Board of County Commissioners for Calhoun County quickly acted and contracted with Calhoun-Liberty to provide its residents with emergency paramedic/ambulance services.

On February 1, 2008, Mr. Phillip Hill was hired by Calhoun-Liberty to be the Director of its newly formed emergency paramedic/ambulance service. Due to previous complaints filed by the public against Emergy Stat, Mr. Hill was instructed by his superiors to make customer service a primary goal of the paramedic/ambulance service.

Calhoun-Liberty determined that it would operate two paramedic/ambulance units 24 hours daily. To staff these ambulance units, the hospital needed to have one paramedic and one emergency medical technician per paramedic/ambulance unit per twenty-four hour shift. Mr. Hill thereafter set out to hire 6 paramedics and 6 emergency medical technicians (EMTs) to staff the ambulance service. Applications from former Emergy Stat employees, and from employees in other surrounding counties, were received by Calhoun-Liberty. Mr. Hill and Dr. Carol Sutton conducted interviews of the applicants during the week of February 4-8, 2008.

Brown was the Assistant Director of Emergy Stat and is a licensed paramedic. Brown contacted Mr. Hill and requested an interview for a paramedic position with the Calhoun-Liberty ambulance service. Mr. Hill has previously worked with Brown and had known her for approximately nine years. Mr. Hill's professional opinion of Brown was that she was a competent paramedic but that she had some difficulty getting along with her managers and other employees and was at times discourteous to patients and the public. However, Mr. Hill felt that Brown had the potential of being a good employee and agreed to grant her an interview in anticipation that Brown would submit an application.

Mr. Hill and Dr. Carol Sutton, the Medical Director for Emergency Services, interviewed Brown. Dr. Sutton is a female. Like Mr. Hill, Dr. Sutton had previously worked with Brown. Dr. Sutton is the Medical Director for the Liberty County EMS service and Brown is employed with the Liberty County EMS service. Dr. Sutton has known Brown professionally since 2002. Dr. Sutton also had formed the opinion that

Plaintiff was a competent paramedic, but that she had some difficulty getting along with her managers and other employees and was at times discourteous to patients and the public.

During the interview, Brown used profanity on numerous occasions. No other person who interviewed for the paramedic and EMT positions, including the persons who were hired, used expletives during their interview. Both Mr. Hill and Dr. Sutton felt that Brown's use of expletives during her interview was very unprofessional. Dr. Sutton recommended to Mr. Hill that Brown not be offered a position. Because of Brown's behavior during the interview, Mr. Hill did not offer Brown a paramedic position in the ambulance service. On February 11, 2008, Calhoun-Liberty Hospital Association, Inc. hired 6 full-time paramedics for the ambulance service: Lee Burns, Aaron Carter, James Hoagland, Byron Potter, Scott Sessions and Douglas (Mike) Weathers. All six of these individuals are male. Three of the EMTs who were hired were female and the remainder were male. The paramedics were hired at the rate of $10.50 per hour.

In June 2008, a part-time paramedic position became available in the Emergency Room of Calhoun-Liberty Hospital. Brown applied for the position and was hired for the position by Mr. Hill. Brown was hired at a pay rate of $13.00 per hour which was the rate of pay for paramedics in the Emergency Room. While Brown was employed with Calhoun-Liberty, she filed a Charge of Discrimination with the Florida Commission on Human Relations (FCHR) alleging that Calhoun-Liberty discriminated against her in February of 2008 when she was not hired her for a full-time paramedic position with the ambulance service. After completing its investigation, FCHR issued a no cause

determination. The U.S. Equal Employment Opportunity Commission (EEOC) adopted the findings of FCHR. Brown did not appeal the no cause determination and initiated this litigation against Calhoun-Liberty.

## STANDARD OF REVIEW

Entry of a Summary Judgment is mandated when the record, viewed in the light most favorable to the non-moving party, indicates that there are no genuine issues of material fact. *See* Rule 56(c), *Federal Rules of Civil Procedure*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 91 L. Ed.2d 202, 106 S. Ct. 2505 (1986) and *Lordmann Enterprises, Inc. v. Equicor, Inc.*, 32 F. 3d 1529 (11th Cir. 1994). In reviewing a Motion for Summary Judgment, the Court must "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and citations omitted).

The moving party carries the initial burden of establishing that there is an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2448 (1986). It is not necessary for Defendant to disprove Plaintiff's claims; Defendant must merely show the absence of any genuine issues of material fact in Plaintiff's case. *See Bellam v. Medical Center Anesthesiology of Athens, P.C.*, 992 F. Supp. 1476 (M.D. GA 1997) and *Nationwide v. Cisneros*, 52 F.2d 1351, 1355 (6th Cir. 1995). When the non-moving party bears the burden of proof on an issue, the moving party need not come forward with affidavits or other material negating the opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2448 (1986). Instead, the non-moving party may

discharge its burden by "showing" or "pointing out" to the court by a review of the record that there is an absence of evidence to support the nonmoving party's case. *See id.*

When a moving party has discharged its burden, the non-moving party must "go beyond the pleadings" and, by its own affidavits or through depositions, answers to interrogatories and admissions on file, designate specific facts showing there are genuine issues of material fact remaining for trial. *See id.* At 324. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *See Marsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 547, 586 (1986). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party. *See Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). To survive a motion for summary judgment, the non-moving party must present "specific evidence of every element material to that party's case so as to create a genuine issue for trial." *Billingslea v. Brayson Homes, Inc.*, 2006 WL 562198 (N.D. Ga Mar. 7, 2006).

When deciding whether summary judgment is appropriate, this Court must view the evidence and all reasonable factual inferences in the light most favorable to the party opposing the motion. *See Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted). This Court must "avoid weighing conflicting

evidence or making credibility determinations." *See Hilburn v. Murata Elecs. N. Am. Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Rather, the determination is whether there are genuine issues of fact, which should properly be resolved by the fact finder because they cannot be resolved in favor of either party. *See Anderson*, 477 U.S. at 250.

### ARGUMENT

Brown claims that she was treated differently from other males who were hired by Calhoun-Liberty for a paramedic position on the ambulance service. Brown asserts the actions of Calhoun-Liberty Hospital were motivated by Brown's gender, female. However, Brown can provide no evidence, direct or indirect, that her gender was the motivating factor for any adverse employment action taken against her.

**I.    Complaint is Untimely**

On January 28, 2009, Brown dual filed a Charge of Discrimination with the Equal Opportunities Commission (Case Number 15D200900334) and the Florida Commission on Human Relations (Case Number 200900925). On June 3, 2009, the Florida Commission on Human Relations issued a Notice of No Cause Determination and advised Brown she had thirty-five (35) days to file a Petition for Relief. *See* Composite Exhibit 1 to the Notice of Filing Exhibits in Support of Motion for Summary Judgment. The No Cause Determination was issued within one hundred eighty (180) days of the date the Charge was filed. As no Petition for Relief was filed pursuant to Rule 60Y-5.008, *Florida Administrative Code*, and Section 760.11(4)(b), *Florida Statutes*, FCHR dismissed the Charge of Discrimination on July 14, 2009. *See* Exhibit 2 to the Notice of Filing Exhibits in Support of Motion for Summary Judgment. As evidenced by the

EEOC Dismissal and Notice of Rights attached to the Complaint, the EEOC adopted the findings of FCHR and dismissed the Charge on August 12, 2009. *See* Exhibit 3 to the Notice of Filing Exhibits in Support of Motion for Summary Judgment. Pursuant to 42 U.S.C. s. 2000e-5(f)(1) (2000), Brown had ninety days to file her Complaint. Ninety days after the date of mailing was November 10, 2009.

Brown filed her Complaint in the Leon County Circuit Court ninety-one (91) days after the EEOC Dismissal and Notice of Rights was mailed to her attorney. *See* Exhibit 4 to the Notice of Filing Exhibits in Support of Motion for Summary Judgment. As Circuit Court of Leon County does not have jurisdiction over this matter, Brown refiled her Complaint in the Calhoun County Circuit Court, which did have jurisdiction, ninety-two (92) days after the date the EEOC Dismissal and Notice of Rights was mailed to her attorney. *Id.*

## II. Plaintiff Cannot Establish Case of Disparate Treatment

Brown has attempted to allege a claim for disparate treatment by asserting that she was treated differently from other employees who were not in the same protected class as Brown. *See* Complaint. However, Plaintiff cannot assert a factual basis for this claim.

As this is a disparate treatment case, Brown can prove discrimination through either direct or circumstantial evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Direct evidence is evidence which would prove the existence of a fact without the need for the trier of fact to make any inference or presumption from the evidence. *Wright v. Southland Corp.*, 187 F.3d 1287, 1300 (11th Cir. 1999); *Carter v.*

TLH1\COMMLIT\114674.1
26928/0115 GB gb 9/20/2006 10:17 PM

*City of Miami*, 870 F.2d 578, 581-582 (11th Cir. 1989). Brown has admitted that she does not have any direct evidence that she was discriminated against based on her gender. *See* Exhibit 11 to the Notice of Filing Exhibits in Support of Motion for Summary Judgment, pg. 54, lines 14 – 21, pg. 57, lines 11 – 13; Exhibit 12 of the Notice of Filing Exhibits in Support of Motion for Summary Judgment, Interrogatory #13 and Plaintiff's Response to Interrogatory #13. "Evidence that only suggests discrimination, or that is subject to more than one interpretation, does not constitute direct evidence." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997); *see also Damon v. Fleming Supermarkets, Inc.*, 196 F.3d 1354, 1358-59 (11th Cir. 1999) (direct evidence must indicate that the "complained-of decision was motivated by the decision maker's bias or prejudice.") In the absence of direct evidence, as in the present case, Plaintiff's case must turn solely on circumstantial evidence.

Under the *McDonnell Douglas* three step analysis, the burdens shift back and forth between Brown and Calhoun-Liberty. The first step requires Brown to establish a prima facie case of gender discrimination. In order to prove a prima facie case of gender discrimination in the failure to hire context, Brown must establish that: (i) she belongs to a protected category; (ii) she applied and was qualified for a job for which the employer was seeking applicants; (iii) despite her qualifications she was rejected; and (iv) after her rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

One of the job qualifications Calhoun-Liberty identified was a high level of customer service. *See* Exhibit 8 to Notice of Filing Exhibits in Support of Motion for Summary Judgment, pg. 26, line 1 – pg. 27, line 13. Based on Brown's interview, Phillip Hill and Dr. Carol Sutton, the individuals who interviewed Brown, had concerns about Brown's ability to provide adequate customer service. *See* Exhibit 9 to Notice of Filing Deposition in Support of Motion for Summary Judgment, pg. 33, lines 3 – 22. An inability to provide adequate customer service disqualified Brown from employment. Brown was not qualified for the position for which she applied.

However, assuming *arguendo* that Brown could, in fact, set forth a prima facie case of discrimination, the possibility of summary judgment being granted in favor of Calhoun-Liberty is not foreclosed. *See Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir. 1988), cert. denied, 488 U.S. 1004, 102 L. Ed.2d 774, 109 S. Ct. 782 (1989). Summary judgment is still proper if the Defendant can articulate "some legitimate, nondiscriminatory reason for its decision." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181 (11th Cir. 1984) and *Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989). The burden under *McDonnell Douglas* switches to Calhoun-Liberty to articulate a legitimate, non-discriminatory reason for not hiring Brown. *See McDonnell Douglas*, 411 US at 802; *see also Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079 (11th Cir. 2004). Should Calhoun-Liberty have a nondiscriminatory reason for not hiring Brown, then the burden returns to Brown to show by "significantly probative evidence that the proffered reason is a pretext for discrimination." *Id*; *Carter*, 870 F.2d at 584.

TLH1\COMMLIT\114674.1
26926/0115 GB gb 9/20/2006 10:17 PM

Calhoun-Liberty's intermediate burden is a light burden of production, not persuasion. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318 (11th Cir. 1998). It is undisputed that Calhoun-Liberty proffered a legitimate, non-discriminatory reason for not hiring Brown, namely, because of her conduct during her interview. During the interview, Plaintiff used profanity on numerous occasions. *See* Exhibit 6, Exhibit 9 at pg. 33, lines 3 – 22; Exhibit 8 at pg. 39, lines 7 – 21 and pg. 43, lines 11 – 16; and, Exhibit 5 attached to Notice of Filing Exhibits in Support of Motion for Summary Judgment. No other person interviewed for the open paramedic and EMT positions, including the persons hired, used expletives during the interview. *See* Exhibit 6, Exhibit 9 at pg. 18, line 17 – pg. 19, line 2; pg. 25, lines 6 – pg. 26, line 20; pg. 27, line 1 -4; and, Exhibit 8 at pg. 43, lines 17 -21 attached to Notice of Filing Exhibits in Support of Motion for Summary Judgment. Both Mr. Hill and Dr. Sutton felt that Brown's use of expletives during her interview was very unprofessional and discourteous. *See* Exhibit 8 at pg. 43, line 22 – pg. 44, line 3 attached to Notice of Filing Exhibits in Support of Motion for Summary Judgment. Mr. Hill and Dr. Sutton discussed the interview and agreed that Mrs. Brown's language during the interview was unprofessional and discourteous. *See* Exhibit 6; Exhibit 9 at pg. 33, lines 3 – 22; Exhibit 8 at pg. 44, line 21 – pg. 45, line 1; and Exhibit 5 attached to Notice of Filing Exhibits in Support of Motion for Summary Judgment. Dr. Sutton had concerns about Plaintiff's ability to make a good impression with the patients based on Plaintiff's language during the interview. *See* Exhibit 9 at pg. 33, lines 3 – 22 attached to Notice of Filing Exhibits in Support of Motion for Summary Judgment. Accordingly, Dr. Sutton recommended to Mr. Hill that Brown not be offered

a position. *See* Exhibit 6 and Exhibit 9 at pg. 33, lines 3 – 22 attached to Notice of Filing Exhibits in Support of Motion for Summary Judgment. Because of Brown's behavior during the interview, Mr. Hill did not offer Brown a paramedic position in the ambulance service. *See* Exhibit 8 at pg. 31, lines 12 – 19 attached to Notice of Filing Exhibits in Support of Motion for Summary Judgment. Mr. Hill was concerned about Plaintiff's ability to give the level of customer service desired by Calhoun-Liberty Hospital Association, Inc. *See* Exhibit 8 at pg. 41, lines 4 – 12 attached to Notice of Filing Exhibits in Support of Motion for Summary Judgment.

Calhoun-Liberty has set forth substantial evidence to support Calhoun-Liberty's claim that there was a legitimate, non-discriminatory reason for not hiring Brown and has satisfied its burden. The burden now shifts back to Brown to present concrete evidence that Calhoun-Liberty's legitimate business reasons for not hiring Plaintiff are a pretext. *Combs v. Plantation Patterns, Inc.* 106 F.3d 1519, 1528 (11th Cir. 1997).

In order to show pretext, Brown must rebut Calhoun-Liberty's reasons for not hiring Brown in February of 2008. *Chapman v. Al Transport*, 229 F. 3d 1012, 1030 n. 19 (11th Cir. 2000). To show an employer's stated reasons are pretext, the Plaintiff must offer evidence "demonstrate[ing] that the proffered reason[s] w[ere] not the true reason[s] for the employment decision[s]." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528. [P]retext is a lie, specifically a phony reason." *Brown v. Sybase, Inc.* 287 F. Supp. 2d 1330, 1340 (S. D. Fla. 2003). Charging Party may do this by showing "that the reason[s] w[ere] false, and that the discrimination was the real reason." *St. Mary's Honor Ctr. V.*

*Hicks*, 509 US 502, 515 (1993). However, "[i]f the proffered reason is one that might motivate a reasonable employer, [the Plaintiff] cannot recast the reason [; he] must meet it head on and rebut it. Quarreling with that reason is not sufficient." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004). A plaintiff's pretext claim will fail when the plaintiff merely questions the wisdom of the employer's decision. *Combs v. Plantation Patterns*, 106 F.3d 1519 (11th Cir. 1997). Whether Brown believes she acted appropriately during her interview is not legally relevant. The pretext inquiry "centers upon the employer's beliefs, and not the employee's own perceptions of his performance." *Hollifield*, 115 F.3d at 1565 (citations omitted).

To meet this burden, Plaintiff must present sufficient evidence, beyond a mere denial, to create a material dispute as to the defendant's honest belief regarding the employee's misconduct and/ or performance deficiencies. *See Pugh v. City of Attica*, 259 F.3d 619, 626-27 (7th Cir. 2001). Plaintiff has failed to set forth sufficient evidence to suggest that Calhoun-Liberty had anything other than a good faith belief that her behavior during the interview warranted not hiring Brown.

Aside from not hiring Brown and her subjective self-serving belief that she should have been hired, Brown has no other evidence that Calhoun-Liberty discriminated against her based on her gender. Brown's subjective and personal belief that she was discriminated based on her gender is not evidence of a discriminatory bias. *See Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376-77 (11th Cir. 1996). Thus, even if the Court finds Brown met her prima facie burden, Brown still cannot establish pretext.

TLH1\COMMLIT\114674.1
26928/0115 GB gb 9/20/2006 10:17 PM

Once Calhoun-Liberty asserts a non-discriminatory reason for not hiring Brown, the burden returns to the Brown to show by "significantly probative evidence that the proffered reason is a pretext for discrimination." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079 (11th Cir. 2004). Brown cannot meet this burden.

The Court is not a "super-personnel department that reexamines an entity's business decisions." *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). The ultimate question in Title VII cases is "discrimination vel non." *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 518 (1993) (*quoting United State Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714 (1983). The reality of the interview process is that employers must make quick judgments based on their impressions when interviewing multiple applicants. Calhoun-Liberty's decision to hire other applicants because they had more favorable interviews is not accompanied by the "suspicion of mendacity" that warrants an inference of discrimination. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 518 (1993). An employer should not have to chose between hiring an applicant despite a poor interview and defending an employment discrimination suit simply because the applicant being interviewed is a member of a protected class.

The ultimate burden of proving discrimination remains with Brown. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 518 (1993). As Calhoun-Liberty can articulate clear legitimate, non-discriminatory reasons why Brown was not hired, and Brown cannot establish Calhoun-Liberty was motivated by Brown's gender, summary judgment is appropriate in favor of Calhoun-Liberty.

Respectfully submitted,

*s/ Ginger Lynne Barry*
Ginger Lynne Barry, *Of Counsel*
Florida Bar Number 0294550
BROAD AND CASSEL
200 Grand Boulevard, Suite 205A
Destin, Florida 32550
Telephone: (850) 269-0148
Telecopier: (850) 521-1472

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided electronically by CM/ECF to James Garrity, Esq., Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303, on this 2nd day of July, 2010.

*s/ Ginger Lynne Barry*
Attorney